12-1019-cr
*United States v. Lopez*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of November, two thousand and thirteen.

PRESENT:

DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,

*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

*Appellee,*

-v.-                                                    No. 12-1019-cr

TOMISLAV YUTRONIC, JAIROLD GOMEZ, AKA FLACO, CINDY TORRES, AKA SINDY, WILSON ABAD, AKA THE LAWYER, CECILIA ABAD, AKA LA GAGA, MAGDALENA GONZAGA, AKA MAGGIE, AKA MAGGIE TERRANOVA, RAYMOND PATRICIO TERRANOVA, DARIO JIMENEZ, AKA DARIO AVECILLAS, AKA PRIMO, AKA

1

AMIGUITO, JOSEPH BARANEK,

*Defendants*,

HAROLD LOPEZ,

*Defendant-Appellant.*

_____

BRIAN A. JACOBS, (Jennifer G. Rodgers, on the brief), Assistant United States Attorneys, Of Counsel. *For* Preet Bharara United States Attorney for the Southern District of New York, New York, New York, *for Appellee.*

LAURIE S. HERSHEY, Manhasset, New York, *for Defendant-Appellant.*

Appeal from a judgment of conviction and order of the United States District Court for the Southern District of New York (Keenan, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the appeal from the December 21, 2011 judgment of conviction is **DISMISSED** in part. The judgment of the District Court that Lopez forfeit "any proceeds gained as a result of [his] criminal activity in this case" is **VACATED** and **REMANDED.**

Defendant-Appellant Harold Lopez ("Lopez") pleaded guilty to conspiracy to distribute a controlled substance, namely 100 grams and more of heroin and 500

grams and more of cocaine, in violation of 21 U.S.C. §§ 846, 812, 841(a)(1), and 841(b)(1)(B). Lopez's plea agreement included a provision in which he waived the right to appeal any sentence within or below the stipulated Guidelines range of 151 to 188 months. *See* U.S. SENTENCING GUIDELINES MANUAL. The district court sentenced Lopez to a term of 144 months imprisonment, a sentence below the stipulated Guidelines range, to be followed by five years' supervised release, and ordered that Lopez forfeit "[a]ny proceeds gained as a result of [his] criminal activity in this case." Lopez appeals, challenging the validity of the district court's forfeiture order. He also contends that his appeal waiver is invalid and that, accordingly, he may challenge his sentence for procedural error. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

### 1. Forfeiture Order

On appeal of a forfeiture order, we generally review the district court's findings of fact for clear error and its legal conclusions *de novo*. *See United States v. Sabhnani*, 599 F.3d 215, 261 (2d Cir. 2010). Where, as here, no forfeiture error was raised in the district court, however, the claim of error is forfeited on appeal, and we review only for plain error. *See* FED. R. CRIM. P. 52(b); *United States v. Uddin*, 551 F.3d

3

176, 181 (2d Cir. 2009). Accordingly, we review for plain error. Plain error is "(1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 464-67 (1997) (internal quotation marks and citation omitted).

Lopez's counsel urges this court to vacate the forfeiture order on the ground that the district court failed to enter a preliminary forfeiture order pursuant to FED. R. CRIM. P. 32.2(b)(2)(A). The government responds that the order entered here was a general order pursuant to Rule 32.2(b)(2)(C) that does not require the filing of a preliminary order. We agree, but nevertheless vacate the forfeiture order and remand the case so that, provided forfeiture is still being sought by the Government, the district court may determine the amount of the forfeiture money judgment or, upon entry of a general order not specifying an amount, indicate its intent to amend pursuant to Rule 32.2(e)(1).

Federal Rule of Criminal Procedure 32.2(b)(2)(C) permits a district judge to enter a general forfeiture order if "before sentencing, the court cannot . . . calculate the total amount of the money judgment." FED. R. CRIM. P. 32.2(b)(2)(C). The rule

4

directs district judges, in entering such an order, to "(i) list[ ] any identified property; (ii) describe[ ] other property in general terms; and (iii) state[ ] that the order will be amended under Rule 32.2(e)(1) when . . . the amount of the money judgment has been calculated." *Id.* Here, it is clear from the record that, prior to sentencing, the district court was not in possession of the requisite information to enter a specific order. It is unclear, however, whether the district court intended to amend this general order when the amount of a money judgment was calculated. Accordingly, we vacate and remand the case to the district court for clarification as to the amount of the forfeiture money judgment or its intent to amend at a later date.[1]

## 2. Sentencing Appeal

Lopez next claims that the appeal waiver contained in his plea agreement is invalid because the stipulated Guidelines range in his plea agreement was improperly calculated. He thus argues that he should be able to challenge his sentence as procedurally unfair. We disagree.

---

[1] We note that in a letter accompanying his *pro se* supplemental brief, Lopez urged this court to ignore the arguments concerning forfeiture in his attorney's brief. We need not address the effect, if any, of Lopez's submission in this regard, because upon independent review, we review for and find plain error in the circumstances here in the failure to specify a forfeiture amount or provide some specific indication of an intent to do so at a future time.

5

A waiver of the right to appeal is enforced by an appellate court "if the record 'clearly demonstrates' that the waiver was both knowing . . . and voluntary." *United States v. Ready*, 82 F.3d 551, 557 (2d Cir. 1996). Even if a plea agreement contains a mutual mistake in the applicable Guidelines range, moreover, the agreement is not a proper candidate for rescission where the agreement contains "express provisions with respect to the possibility of a mistaken prediction as to sentencing calculations." *United States v. Rosen*, 409 F.3d 535, 548 (2005).

Here, Lopez's waiver of the right to appeal was both knowing and voluntary. Lopez expressed a full understanding of the consequences of his guilty plea. In Lopez's plea colloquy, the district court confirmed that Lopez understood that pursuant to his plea agreement, "the sentencing range for [Lopez's] case and [Lopez's] criminal history background or category and the offense that [Lopez was] pleading guilty to is 151 to 188 months." The district court further directed Lopez's attention to his appeal waiver, and specifically confirmed that Lopez understood the consequences of such a waiver.

Further, Lopez's plea agreement contains express provisions indicating that the Guidelines range to be determined by the Probation Department and the judge could be calculated differently from the stipulated Guidelines range. The plea

agreement makes clear that, notwithstanding any differences between the two ranges, "[i]t is agreed [ ] that the defendant will not file a direct appeal, nor litigate . . . any sentence within or below the Stipulated Guidelines Range set forth [in the plea agreement]." Here, the 144-month sentence imposed reflects an express downward variance from the stipulated Guidelines range. Accordingly, we conclude that Lopez's argument that his appeal waiver is invalid is without merit. We therefore dismiss his appeal as to this claim.

We have reviewed Lopez's remaining arguments, including those in his *pro se* supplemental briefs, and find them to be without merit. For the foregoing reasons, the appeal from the judgment of conviction is **DISMISSED** in part, the judgment of the district court as to forfeiture is **VACATED**, and the case is **REMANDED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7